IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

EUGENE STACHURSKI, on behalf
of himself and those similarly situated,

CASE NO.

    Plaintiffs,

vs.

MARK J. BELLISSIMO, individually, and
EQUESTRIAN SPORT PRODUCTIONS, LLC,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, EUGENE STACHURSKI, on behalf of himself and those similarly situated, sue the Defendants, MARK J. BELLISSIMO, individually and EQUESTRIAN SPORT PRODUCTIONS, LLC and, and allege:

1.    Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### JURISDICTION AND VENUE

2.    Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended 29 U.S.C. §201, et seq., to recover unpaid back wages, an additional equal amount as liquidated damages, declaratory relief, and reasonable attorneys' fees and costs.

3.    The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b), and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

4.	Venue is proper in this Court because the acts and omissions giving rise to Plaintiff's claims occurred in Palm Beach County, Florida.

## PARTIES

5.	Plaintiff EUGENE STACHURSKI, at all times relevant to this action, was a resident of Palm Beach County, Florida.

6.	Defendant MARK J. BELLISSIMO, at all times relevant to this action, was a resident of Palm Beach County, Florida.

7.	Defendant, EQUESTRIAN SPORT PRODUCTIONS, LLC is a Florida Limited Liability Company doing business in Palm Beach County, Florida.

8.	At all times relevant to this action, MARK J. BELLISSIMO was an individual resident of the State of Florida, who was an owner of, and helped to operate, EQUESTRIAN SPORT PRODUCTIONS, LLC and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of EQUESTRIAN SPORT PRODUCTIONS, LLC.   By virtue of having regularly exercised that authority on behalf of EQUESTRIAN SPORT PRODUCTIONS, LLC, MARK J. BELLISSIMO is an employer as defined by 29 U.S.C. § 201, et seq.

9.	At all times material to this action, Plaintiff was an "employee" of each Defendant within the meaning of the FLSA.

10.	This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every employee mischaracterized as exempt performing duties similar to Plaintiff who worked for Defendants at any time within the past three (3) years within the State of Florida.

11.     During Plaintiff's employment, Defendant EQUESTRIAN SPORT PRODUCTIONS, LLC grossed more than $500,000.00 per year in gross revenue.

12.     During Plaintiff's employment with Defendants, Defendant, EQUESTRIAN SPORT PRODUCTIONS, LLC employed two or more employees who handled goods, materials and supplies which had travelled in interstate commerce.

13.     Plaintiff brings this action for himself and all similarly situated employees of Defendant.  Plaintiff's Notice of Consent to Join is attached hereto as Exhibit "A".

14.     Therefore, Defendant EQUESTRIAN SPORT PRODUCTIONS, LLC LLC is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

15.     Plaintiff was paid on a daily basis during his employment for Defendants.  During the beginning of his employment through December 2018 he received $175.00 per day for hours worked up to 10 hours per day, with an additional $75.00 paid for each day he worked over 10 hours.  Beginning January 2019 through the end of his employment, Plaintiff was paid the daily rate of $175.00 with an additional $75.00 paid for each day he worked over 13 hours.

16.     Plaintiff worked for Defendants in the capacity of a technician from approximately January 2018 through July 2019.  Based upon his job duties, Plaintiff was not exempted from entitlement to be paid overtime wages, for hours worked in excess of 40 per week ("overtime hours").

17.     At all times relevant to this action, Defendants failed to comply with the FLSA by failing to pay Plaintiff and all similarly situated employees complete overtime compensation for overtime hours worked.

18. When Plaintiff worked overtime hours during any pay week, Plaintiff was paid no additional compensation for the overtime hours worked.

19. Other similarly situated employees to Plaintiff were also paid identically.

20. These similarly situated employees were also only paid their regular salary with no additional compensation for the overtime hours worked.

21. Plaintiff and these similarly situated employees regularly worked overtime hours on behalf of Defendants.

22. Defendants have violated the FLSA by failing to pay Plaintiff and these similarly situated employees time and one-half of their respective hourly rates for overtime hours worked.

23. The additional persons who may become plaintiffs in this action are employees who held similar positions to Plaintiff, and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

24. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff and the similarly situated employees are in the possession and custody of Defendants.

25. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek, when they knew, or should have known, such was, and is, due.

26. In fact, Plaintiff questioned Defendants regarding its failure to pay him overtime and was told that Defendants do not pay overtime compensation.

27. Defendants failed to properly disclose or apprise Plaintiff and those similarly situated to of their rights under the FLSA.

28. Defendants did not have a good faith basis for their decision to not pay an overtime rate of pay to Plaintiff and other similarly situated employees for their overtime hours worked.

29. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay complete overtime compensation to Plaintiff and those similarly situated employees, Plaintiff and those similarly situated employees have suffered damages and have incurred, and continue to incur, reasonable attorneys' fees and costs.

30. As a result of Defendants' lack of a good faith justification for their violation of the FLSA, Plaintiff and those similarly situated employees are entitled to liquidated damages.

31. In addition, because Defendants' violation of the FLSA was willful, a three-year statute of limitations is applicable to the claims at issue.

32. As a direct and proximate result of Defendants' hereinabove described violations of FLSA, Plaintiff has had to retain the services of Gary A. Isaacs, P.A. and has agreed to pay same a reasonable attorney's fee. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorney's fees and costs.

33. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, EUGENE STACHURSKI, on behalf of himself and those similarly situated, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, a declaration that

Defendants' practices violate the FLSA, and any and all further relief that this Court determines to be just and appropriate, including trial by jury.

Dated this 14th day of October, 2019.    GARY A. ISAACS, P.A.
Attorney for Plaintiff
712 U.S. Highway One, Suite 400
North Palm Beach, Florida 33401
Telephone: (561) 655-9300
Email: gaisaacs@bellsouth.net

*/s/ Gary A. Isaacs, Esquire*
GARY A. ISAACS, ESQUIRE
Florida Bar No.: 602663

## CONSENT TO JOIN AS PARTY PLAINTIFF

I, EUGENE STACHURSKI, hereby give my consent pursuant to 29 U.S.C. §216(b), to become a party plaintiff in this case and to be represented by GARY A. ISAACS, P.A. in this action. I agree to be bound by any settlement or judgment of the Court on this action. I affirm that I am, or was a similarly situated employee for EQUESTRIAN SPORT PRODUCTIONS, LLC that I have not been compensated for overtime for all hours worked in excess of forty (40) hours per work week.

Name: Eugene Stachurski

Address: 10635 164th Court N., Jupiter, FL 33478

Telephone No.: (404) 844-6939

Date of Birth: XX-XX-77

S.S.N.: XXX-XX-9772

DATED this 11th day of July, 2019

EUGENE STACHURSKI

EXHIBIT "A"